IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ANDRE DESIRE,                              )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )        CV 120-150
                                           )
JORCELYN BLUITT;                           )
SGT. MAGEE JAMALULLAH; and                 )
SMITH JASON,                               )
                                           )
            Defendants.                    )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.      **SCREENING OF THE COMPLAINT**

A.      **BACKGROUND**

Plaintiff names as Defendants: (1) Jorcelyn Bluitt; (2) Sgt. Magee Jamalullah; and (3) Smith Jason. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 12, 2018, Security Officer Bluitt refused to open the gate to the dining hall, leaving Plaintiff and approximately fifty other inmates in the rain in sub thirty-degree

temperatures for fifteen minutes.  (Id. at 5.)  Plaintiff informed Sgt. Jamalullah and LT. Eason about Officer Bluitt's actions.  (Id.)  In response, Officer Bluitt stated "I will get you, don't worry I got something for you!"  (Id.)  Due to Officer Bluitt's threats, Plaintiff feared harm and requested LT. Eason not place Officer Bluitt in Plaintiff's unit, building 14B.  (Id.)

Later that night, Officers Bluitt and Warren began harassing Plaintiff, however Plaintiff walked away instead of responding.  (Id.)  A few minutes later, Officer Bluitt called chapel for the Christmas concert, and as Plaintiff came out of his dorm, Officer Bluitt pushed Plaintiff against the wall.  (Id.)  Plaintiff did not resist or place his hands on Officer Bluitt. (Id.)  Officer Bluitt signaled to Officer Warren, who proceeded to choke and slam Plaintiff to the floor, resulting in Plaintiff passing out.  (Id. at 6.)  When Plaintiff gained consciousness, Sgt. Jamalullah was also present.  (Id.)  Plaintiff informed Sgt. Jamalullah and the present officers about the screws and plates in his shoulder and neck which limit his mobility.  (Id.) However, Sgt. Jamalullah ignored Plaintiff and snatched Plaintiff's arm forcing it behind his back while Plaintiff screamed in pain.  (Id.)

Captain Herman and Deputy Warden Tremble arrived and briefly watched, before telling the officers to take Plaintiff to the medical unit.  (Id.)  Correctional Emergency Response Team ("CERT") Officers Jason and Johnson then arrived and forcibly threw Plaintiff into his wheelchair.  (Id.)  Both officers hooked Plaintiff's cuffed arms around the handlebar of the wheelchair and dragged Plaintiff to the medical unit, while Plaintiff cried out in pain.  (Id.)  At the medical unit, Sgt. Jamalullah, along with other officers, instructed Physician Assistant Sharon and the nurse to not document Plaintiff's complaints of injury, and to clear him medically.  (Id.)

Upon dismissal from the medical unit, officers forcibly escorted Plaintiff to lockdown

unit 12B2 and threw Plaintiff into the bottom bunk of cell 124.  (Id. at 6-7.)  Officers refused to provide Plaintiff breakfast the next day.  (Id. at 7.)  Further, Sgt. Easer refused to provide Plaintiff his property or legal mail for the next two weeks.  (Id.)  Approximately twenty-eight days after placement in lockdown, Deputy Warden Tremble told Plaintiff he would be released if Plaintiff dropped the grievance he filed relating to the use of force.  (Id.)  Plaintiff requests $600,000 in compensatory damages and $600,000 in punitive damages.  (Id. at 8.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      Plaintiff Fails to State a FTCA Claim for Negligence

The Federal Tort Claims Act ("FTCA") is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government."  28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674; Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").  To the extent Plaintiff attempts to bring an FTCA claim against Defendants, this claim fails because Defendants are not federal employees.  28 U.S.C. §§ 1346(b)(1) & 2674; see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2005) ("In the FTCA,

4

Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees").

### 3.    Plaintiff Fails to State a Bivens Action

Nor is there an available <u>Bivens</u> action against the named Defendants.  <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).   The complaint fails to state a <u>Bivens</u> action against ASMP officers for the same reasons it fails to state a FTCA claim; i.e., the Defendants are not employees of the United Sates Government.  "<u>Bivens</u> only applies to claims against federal officers in their individual capacities." <u>Sharma v. Drug Enforcement Agency</u>, 511 F. App'x. 898, 901 (11th Cir. 2013) (citing <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 69-71 (2001)).  As Plaintiff also brings claims under 42 U.S.C. § 1983 against the named Defendants, there is no reason to construe his attempt to bring a <u>Bivens</u> action against state officers as a § 1983 claim.  Therefore, Plaintiff's <u>Bivens</u> action claim should be dismissed.

### 4.    Plaintiff Fails to State a Claim for Denial of Access to the Courts

To the extent Plaintiff brings a claim for the two-week denial of legal mail, such a claim falls under the constitutional right of access to the courts.  See <u>Bounds v. Smith</u>, 430 U.S. 817, 97 (1977) ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers").

To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials."  <u>Al-Amin v. Smith</u>, 511 F.3d

1317, 1332 (11th Cir. 2008) (quoting <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290-91 (11th Cir. 1998).

Here, Plaintiff alleges no facts indicating any legal proceeding has been impeded, and, instead, alleges during a two-week period prison officials would not distribute to him his legal mail.  (Doc. no. 1, p. 3.)  Plaintiff does not allege any "actual injury" to him.  Further, it is clear from the filing of this case that Plaintiff is not hindered in his ability to litigate this case.  <u>Redd v. Conway</u>, 160 F. App'x 858, 862-63 (11th Cir. 2005) (affirming dismissal of access to courts claim because pretrial detainee only alleged he was not provided with adequate legal supplies or access to a law library and did not allege any legal claims were hindered).  Plaintiff does not indicate the delay a in his legal mail affected his access to the courts in any way.  Accordingly, Plaintiff's allegations regarding denial of access to legal mail fail to state a claim.

## 5.    Plaintiff Fails to State an Official Capacity Claim Against Defendants

Plaintiff sues Defendants individually and in their official capacities.  (Doc. no. 1, p. 7.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's Federal Torts Claims Act, <u>Bivens</u> action, obstruction of access to Courts, and monetary damages against Defendants in their official capacity claims be dismissed for failure to state a claim upon which relief may be granted.  In a companion Order, the Court has allowed to

6

proceed Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to medical needs.

SO REPORTED and RECOMMENDED this 28th day of December, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA