IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANDRE DESIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-150 |
| ) | |
| JORCELYN BLUITT; ) | |
| SGT. MAGEE JAMLULLAH; and ) | |
| SMIRH JASON, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"). On December 28, 2020, the Court directed the United States Marshals Service ("Marshals Service") to effect service of process on Defendants. (Doc. no. 7.) In accordance with the Court's Order directing service, the Marshals Service mailed a copy of the complaint to Defendants at ASMP, requesting they waive formal service of summons. (See doc. no. 7-3.)

On January 22, 2021, an individual at ASMP, other than Defendants, signed for the certified mail containing the complaint and waiver of service forms. (Doc. no. 11.) When no Defendant returned a signed waiver of service or filed an answer, the Court directed the Marshals Service to contact the Georgia Attorney General's Office to inquire about the status of Defendants and if the Attorney General's Office intended to represent them. (Doc. no.

12.)  On April 19, 2021, the Special Assistant Attorney General filed an answer on behalf of Defendants Jamalullah and Jason.  (Doc. no. 13.)  The Special Assistant Attorney General informed the Court of an inability to contact Defendant Bluitt, who is no longer employed by the Georgia Department of Corrections, and provided the Marshals Service with the last known address of Defendant Bluitt.  (Doc. nos. 14-15, 19.)

Thus, on April 21, 2021, the Court directed the Marshals Service to personally serve Defendant Bluitt and extended the service period by thirty days.  (Doc. no. 19.)  On May 7, 2021, the Marshals Service filed the return of service forms for Defendant Bluitt as unexecuted, stating they were unable to personally serve Defendant Bluitt.  (Doc. no. 21.)  The return of service form states the Marshals Service attempted to personally serve Defendant Bluitt on multiple occasions at the address provided.  (Id.)  On April 30 and May 5, 2021, the Marshals Service received no response at the address or the associated phone number.  (Id.)  On May 6, 2021, the current resident of the provided address called the Marshals Service and notified them Defendant Bluitt no longer resided there.  (Id.)

On May 24, 2021, the Court explained the efforts of the Marshals Service to serve Defendant Bluitt and reminded Plaintiff of the ninety-day service rule.  (Doc. no. 22); see Fed. R. Civ. P. 4(m).  The Court also explained the service period could be extended further if Plaintiff shows good cause for the failure to serve a defendant, and, as long as the Marshals Service can use reasonable efforts to locate that defendant, "prisoner-litigants who provide enough information to identify the . . . defendant have established good cause for Rule 4(m) purposes."  Fed. R. Civ. P. 4(m); Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010).  Thus, the Court provided Plaintiff with fourteen days to explain why Defendant

Bluitt should not be dismissed because she had not been served within the extended service period. (Doc. no. 22, pp. 3.)

Plaintiff did not respond to the Court's May 24th Order. Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). However, even if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Plaintiff has not shown good cause for failing to timely effect service on the Defendant Bluitt, and the Court finds that no other circumstances warrant an extension of the service period. The Court gave Plaintiff ample opportunity to provide the Court and Marshals Service with sufficient information to locate and serve Defendant Bluitt, but after being warned Defendant Bluitt would be subject to dismissal, Plaintiff failed to provide additional information. Further, the Court finds the Marshals Service used reasonable efforts by attempting to serve Defendant Bluitt at multiple locations spanning the U.S. Thus, Plaintiff has not shown good cause as described in Richardson.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims against Defendant Bluitt be **DISMISSED** without prejudice for failure to timely effect

service and Defendant Bluitt be **DISMISSED** from this case.

SO ORDERED this 14th day of June, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA